IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| NEKIMA COVINGTON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-49 |
| WARDEN, FCI BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Nekima Covington, an inmate confined within the Bureau of Prisons ("BOP"), through counsel, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner contends the BOP has improperly calculated his sentence. Petitioner seeks credit towards his federal sentence for time spent in state custody.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion for Summary Judgment (doc. # 6) filed by Respondent.

Factual Allegations

In his Petition, (doc. #1), Petitioner states that in March of 2007, he was arrested on federal charges in the Southern District of Texas. On November 7, 2007, after being released on bond, he was arrested in Harris County, Texas, and detained in the Harris County Jail.

Pursuant to a federal hold, Petitioner was released to the custody of the United States Marshals Service ("USMS") on November 26, 2007. On March 31, 2018, he was sentenced to a total of 180 months of imprisonment based on convictions for federal offenses.

On April 2, 2008, Petitioner pled guilty to a state offense and was sentenced to five years of imprisonment. He entered into a plea bargain providing that his state sentence was to run concurrently with his federal sentence. The state court judgment reflected the terms of the plea agreement.

Petitioner was placed in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, on April 29, 2008. The state determined that the state sentence began to run on November 7, 2007. On April 11, 2011, Petitioner was transferred to the custody of the USMS to begin serving his federal sentence.

The Motion for Summary Judgment

Respondent contends Petitioner is not entitled to relief. Attached to the Motion for Summary Judgment is a Declaration from Juannetta Hayes, a Management Analyst at the BOP's Designation and Sentence Computation Center ("DSCC"). Ms. Hayes states, in part, as follows:

> Inmate Covington was originally arrested on state drug charges on November 1, 2006, and charged in Case Numbers 109119801010 and 10911901010 in Harris County, Texas. He was released on bond in those cases on November 6, 2006. These cases were dismissed on April 4, 2007, following inmate Covington's indictment on federal charges described below.

> On March 14, 2007, an indictment was filed in [the] United States District Court for the Southern District of Texas, Case Number 4:07-cr-90, charging inmate Covington with federal drug and weapons charges arising from the events that precipitated his state arrest on November 1, 2006. Inmate Covington was arrested on the federal indictment charges on March 20, 2007.

> Inmate Covington was released to pretrial supervision in his federal case on April 23, 2007. On November 7, 2007, he was arrested on additional state drug charges in Harris County, Texas, Case Number 1140635. He remained in primary state custody on these charges.

> On November 26, 2007, inmate Covington was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum, for sentencing purposes in Case Number 4:07-cr-90. On March 31, 2008, the Southern District of Texas imposed a total 180-month term of imprisonment. The judgment was silent as to whether the sentence should be served concurrently or consecutively with any sentence to be imposed in Harris County, Texas, Case Number 1140635.

> Inmate Covington was then returned to state custody to face sentencing on his pending Harris County charges. On April 2, 2008, he was sentenced to five years imprisonment with the [Texas Department of Criminal Justice]. The state court ordered the sentence to run concurrently with his federal sentence.

> Inmate Covington remained in primary state jurisdiction on his Harris County charges until April 11, 2011. At that time, he was paroled on his state charges and released to exclusive federal jurisdiction. Inmate Covington's federal sentence commenced at that time.

> While in federal custody, inmate Covington requested that his federal sentence be served concurrently with his state term of imprisonment. Pursuant to BOP Program

2

Statement 5160.05, a request for credit towards a federal sentence for time spent in service of a state sentence is considered a request for a nunc pro tunc designation.

Because inmate Covington's federal sentence was silent as to its concurrency with the state sentence and was imposed prior to the state sentence, DSSC sent an inquiry to the federal sentencing court. The federal sentencing court responded and indicated it was not its intent to run inmate Covington's federal sentence concurrently with his state sentence.

In addition to the sentencing court's statement, the BOP considered other relevant factors affecting the nunc pro tunc determination, including: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history); and (4) any pertinent policy statement issued by the [United States] Sentencing Commission.

In this case, the record reflected that inmate Covington was designated to a high security institution based on the nature and circumstances of the offense and his history and characteristics. Of note, the federal offenses of conviction included significant weapons charges, and inmate Covington's 18 U.S.C. § 924(c) count was required to be served consecutively to the other charges by statute. Moreover, the federal offenses of conviction were based on a separate incident from the conduct giving rise to inmate Covington's state charges. Additionally, inmate Covington had a significant prior criminal history, and his institutional conduct reflected he had not yet reformed his behavior to societally acceptable norms. While in BOP custody, inmate Covington has incurred numerous, serious disciplinary code violations, including possessing drugs or alcohol or fighting. As recent as February 2023, inmate Covington admitted to possessing a hazardous tool.

(Doc. #6-1, pp. 4-6).

Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific

3

facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247.  The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Analysis

Petitioner argues the BOP should have given him credit towards his federal sentence for time spent in state custody because the state court judgment provided that the sentences were to be served concurrently.  However, a state court's determination that a state sentence should run concurrently with a federal sentence is not binding on the United States.  *Reescano v. United States*, 349 F. App'x 951, 952 (5th Cir. 2009) (citing *Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003)).

Petitioner also argues that the BOP should have made a *nunc pro tunc* designation of his state prison unit as the place where his federal sentence was being served.  Under *Barden v. Keohane*, 921 F.2d 476, 483 (3rd Cir. 1990), the BOP may indirectly award credit toward a federal sentence by designating *nunc pro tunc* the state prison as the facility where a prisoner serves part of his federal sentence.  Under 18 U.S.C.§ 3621(b), the BOP has discretion to designate a prisoner's place of imprisonment and the BOP may exercise that discretion to designate *nunc pro tunc* a state facility where an inmate has served a state sentence as the place  of confinement for the purposes of serving his federal sentence.  *Id*.  Section 3621(b) provides that the factors to be considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence was determined to be warranted or recommending a type of penal facility as appropriate; and (5) any pertinent policy statement issued by the United States Sentence Commission.  Petitioner contends the BOP abused its discretion in denying his request for a *nunc pro tunc* designation.

The record reflects the BOP contacted the federal sentencing court to determine whether it intended for the federal and state sentences to be served concurrently.  The sentencing court replied

by stating that the record did not show that a retroactive designation resulting in a concurrent sentence was appropriate (Doc. #6-1, pp. 48-49.). "By contacting the district court for its opinion on concurrent sentences, the BOP fulfilled its obligation to consider [Petitioner's] request for a *nunc pro tunc* designation of the state prison as the place of confinement for the federal sentence." *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 711 (5th Cir. 2015). In light of the statement of the federal sentencing court, the BOP did not abuse its discretion by denying Petitioner's request for a *nunc pro tunc* designation.

<u>Conclusion</u>

There is no genuine issue of material fact regarding Petitioner's grounds for review. Further, for the reasons set forth above, Respondent is entitled to judgment as a matter of law. The Motion for Summary Judgement should therefore be granted.

<u>Recommendation</u>

Respondent's Motion for Summary Judgment should be granted.

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 13th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE